IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS BUCKNER, JR., | ) | CASE NO.  3:19-CV-01557-JRK |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES R. KNEPP, II |
| vs. | ) | |
| | ) | |
| STATE OF OHIO, | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| Defendant. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

I.     **INTRODUCTION**

Petitioner Thomas Buckner, Jr., seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF (Doc. No. 1.)  Buckner, an Ohio prisoner, is currently serving a prison term of 12 years with a mandatory time of six years for the following charges: (1) two counts of Illegal Assembly or Possession of Chemicals in violation of O.R.C. § 2925.041(A)(C) a second-degree felony; and (2) one count of Endangering Children in violation of O.R.C. § 2919.22(B)(6)(E)(3)(a), a third-degree felony. ECF Doc. No. 9-1 at Ex. 45, Page ID#277-283. He asserts three grounds of relief: (1) ineffective assistance of counsel; (2) broken plea agreement; and (3) illegal search and seizure. (ECF Doc. No. 1.) Respondent State of Ohio has filed a return of writ. (ECF Doc. No. 9). And Petitioner has filed a traverse/answer to the return of writ. (ECF Doc. No. 10.)

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Buckner's petition and other case-dispositive motions.[1] Because Buckner has presented only procedurally defaulted, meritless, and/or non-cognizable claims, I recommend that

---

[1] This case was transferred to the undersigned from Magistrate Judge William H. Baughman, Jr. upon his retirement.

the Court DENY and/or DISMISS Buckner's petition and not grant him a certificate of appealability.

## II.      RELEVANT FACTUAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also Spagnola v. Horton*, No. 17-1462, 2017 WL 8948745, *2 (6th Cir. Oct. 30, 2017). The Ohio Court of Appeals for the Third District set forth the following facts on direct appeal:

> {¶2} On May 4, 2017, the Van Wert County Grand Jury indicted Buckner on six counts: Counts One and Two of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(b), first-degree felonies; Count Three of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony; Count Four of endangering children in violation of 2919.22(B)(6), (E)(3)(a), a third-degree felony; Count Five of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Six of engaging in a pattern of corrupt activity in violation of 2923.32(A)(1), (B)(1), a first-degree felony. (Doc. No. 2). On May 10, 2017, Buckner appeared for arraignment and entered pleas of not guilty. (Doc. No. 11). (*See* May 10, 2017 Tr. at 1-11).

> {¶3} On February 26, 2018, under a negotiated plea agreement, Buckner withdrew his pleas of not guilty and entered guilty pleas to Counts One and Four of the indictment. (Doc. No. 105). (*See* Doc. No. 104). (*See also* Feb. 26, 2018 Tr. at 139-157). In exchange, the State agreed to dismiss Counts Two, Three, Five, and Six. (*Id.*); (*Id.*); (*Id.*). The trial court accepted Buckner's guilty pleas, found him guilty, and ordered a presentence investigation. (Doc. No. 105). (*See* Feb. 26, 2018 Tr. at 139-157). On March 15, 2018, Buckner informed the trial court that he desired to withdraw his guilty pleas. (Doc. No. 107). (*See* Mar. 15, 2018 Tr. at 158- 161).

> {¶4} On April 3, 2018, the State filed a bill of information with a single count, Count One, of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony. (Doc. No. 115). On the same date, under a second negotiated plea agreement, Buckner entered guilty pleas to Count One of the bill of information and Counts Three and Four of the indictment. (Doc. No. 121); (Apr. 3, 2018 Tr. at 174-192). In exchange for his guilty pleas, the State agreed to dismiss the remaining charges against Buckner. (Apr. 3, 2018 Tr. at 164). (*See* Doc. No. 120). The trial court accepted Buckner's guilty pleas and found him guilty. (Doc. No. 121); (Apr. 3, 2018 Tr. at 192).

2

{¶5} As the parties had a jointly recommended sentence, the trial court proceeded directly to sentencing and sentenced Buckner to six years in prison on Count One of the bill of information; six years in prison on Count Three of the indictment; and 24 months in prison on Count Four of the indictment. (Doc. No. 121); (Doc. No. 122); (Apr. 3, 2018 Tr. at 197-198). In its judgment entry of sentence, the trial court ordered that the sentences for Count Three of the indictment and Count One of the bill of information be served consecutively to one another and that the sentence for Count Four of the indictment be served concurrently to Counts One and Three. (Doc. No. 121).

{¶6} Following the announcement of sentence, Buckner orally moved to strike his motion to withdraw his former guilty plea. (Apr. 3, 2018 Tr. at 202). On April 5, 2018, the trial court filed its judgment entry of conviction and sentence. (Doc. No. 121).

*State v. Buckner*, Third District Van Wert No. CR-17-04-0450, 2018-Ohio-4923, ¶¶ 2-6.

## III.    RELEVANT STATE PROCEDURAL HISTORY

### A.  Trial Court Proceedings

#### *1. Grand Jury Indictment*

On May 4, 2017, a Van Wert County Grand Jury indicted Buckner, charging him with six counts: (1) two counts of illegal manufacture of drugs in violation of O.R.C. § 2925.04(B); (2) one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of O.R.C § 2925.041(A); (3) one count of endangering children in violation of O.R.C. § 2919.22(B)(6)(E)(3)(a); (4) one count of aggravated possession of drugs in violation of O.R.C. § 2925.11(A)(C)(1)(a(); (5)  and one count of engaging in a pattern of corrupt activity in violation of O.R.C. § 2923.32(A)(1)(B)(1). (ECF Doc. No. 9-1 at Ex. 1, Page ID#87-91.) Buckner pled not guilty to all counts at an arraignment hearing on May 10, 2017. (ECF Doc. No. 9-2, Page ID#414-415.)

#### *2. First Plea Agreement*

Under a negotiated plea agreement, Buckner withdrew his plea of not guilty and entered guilty pleas to the count of illegal manufacture of drugs in violation of O.R.C. § 2925.04(B) and

the count of endangering children in violation of O.R.C. § 2919.22(B)(6)(E)(3)(a). (ECF Doc. No. 9-2, Page ID#546-564.) In exchange, the State of Ohio agreed to dismiss the other charges against Buckner. (ECF Doc. No. 9-2, Page ID#546-564.) The trial court held a lengthy plea colloquy with Buckner, accepted Buckner's guilty pleas, and found Buckner guilty of one first-degree felony Illegal Manufacture of Drugs charge and one third-degree felony Endangering Children charge. (ECF Doc. 9-2, Page ID#546-564.)

 Before Buckner's sentencing, Buckner made an oral *pro se* motion to withdraw his guilty pleas and requested new counsel. (ECF Doc. No. 9-2, Page ID#565-568.) Buckner's new trial attorney filed a notice of appearance, a discovery request, and a request for notice of intended evidence. (ECF Doc. No. 9-1 at Ex. 33, Page ID#258; ECF Doc. No. 9-1 at Ex. 34, Page ID #259-260; ECF Doc. No. 9-1 at Ex. 35, Page ID #261.)

### 3. Arraignment and Second Plea Agreement

On April 3, 2018, the State filed a bill of information with one count: illegal assembly or possession of chemicals for the violation for the manufacture of drugs in violation of O.R.C. § 2925.041(A), (C), a second-degree felony. (ECF Doc. No. 9-1 at Ex. 36, Page ID#262-264.) With new counsel and under a second negotiated plea agreement, Buckner entered guilty pleas to the bill of information's count and Counts Three and Four of the indictment. (ECF Doc. No. 9-1, Page ID#581-599.) In exchange for Buckner's guilty pleas, the State entered a *nolle presequi* on the remaining charges. (ECF Doc. No. 9-2, Page ID#571.) Buckner signed and executed a waiver of grand jury and agreed to withdraw his motion to withdraw his guilty plea. (ECF Doc. No. 9-1 at Ex. 37, Page ID#265-270.)

Because the parties had a stipulated plea agreement, the trial court proceeded directly to sentencing. The court sentenced Buckner to six consecutive years in prison for each illegal

assembly or possession of chemicals for the manufacture of drugs conviction and 24 months in prison for the endangering children conviction. (ECF Doc. No. 9-2, Page ID#604-605.) In the trial court's judgment entry, the court ordered that the sentences for Count Three of the indictment and Count One of the bill of information be served consecutively to one another and that the sentence for Count Four of the indictment be served concurrently to Counts One and Three. (ECF Doc. No. 9-1, Page ID#604-605.) The trial court journalized Buckner's conviction and sentence entry on April 5, 2018. (ECF Doc. No. 9-1, Page ID#277.)

### B.  Direct Appeal

Buckner filed a timely *pro se* notice of appeal on April 30, 2018. (ECF Doc. No. 9-1 at Ex. 42, Page ID#284.) Buckner also filed a motion in the trial court for appointment of counsel for a direct appeal. (ECF Doc. No. 9-1 at Ex. 45, Page ID#306.) The trial court appointed appellate counsel to represent Buckner in his appeal. (ECF Doc. No. 9-2 at Ex. 46, Page ID#309.) Through counsel, Buckner raised the following assignment of error on direct appeal:

> The trial court's decision to impose consecutive sentences was not supported by the record and was contrary to law.

(ECF Doc. No. 9-1 at Ex. 47, Page ID#313.)

The State filed a brief in response on September 25, 2018. (ECF Doc No. 9-2 at Ex. 48, Page ID#338.) On December 10, 2018, the Third District Court of Appeals declined jurisdiction and dismissed Buckner's appeal. (ECF Doc. No. 9-1 at Ex. 49, Page ID#352.)

### C.  Ohio Supreme Court

On January 2, 2019, Buckner filed a timely *pro se* notice of appeal with the Ohio Supreme Court. (ECF Doc. No. 9-1 at Ex. 50, Page ID#364.) In his memorandum in support of jurisdiction, Buckner asserted the following propositions of law:

1. Violated my Sixth Amendment Right to effective assistance of

5

counsel (ECF Doc. No. 9-2 at Ex. 51, Page ID#368)

    2. Trial court is required to review finding to impose consecutive sentences (ECF Doc. No. 9-2 at Ex. 51, Page ID#368)

On January 31, 2019, the State of Ohio filed a memorandum in opposition to jurisdiction. (ECF Doc. No. 9-2 at Ex. 52, Page ID#386.) On March 20, 2019, the Supreme Court of Ohio declined jurisdiction. (ECF Doc. No. 9-2 at Ex. 53, Page ID#398.)

Bucker did not timely file a petition for certiorari in the United States Supreme Court, and his filing deadline expired on June 18, 2019. *See* Sup. Ct. R. 13.

## IV.    FEDERAL HABEAS CORPUS PETITION

On July 9, 2019, Buckner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Doc. No. 1, Page ID #1.) In his petition, Buckner asserts the following grounds for relief[2]:

**GROUND ONE:** Ineffective Assistance of Counsel

**Supporting Facts:** I was charged with 2925.041 and none of the stuff I was charged with got sent to a laboratory to be weighed analyzed to state the findings and it was at my landlords house not mine my lawyer told me they did not have the 1st peace of evidence saying it was mine just 3 witness that it was part of there plea to testify against me (ECF Doc. No. 1, Page ID #6)

**GROUND TWO:** Braken Plea Agreement

**Supporting Facts:** My lawyer told me that the P.A. the judge and him sit down and agreed for 6 years 6 years 2 years all running together maken me have a 6 years with 3 mandatory then I plead guilty and they gave me 12 years with 6 years mandatory and my lawyer didn't receive my file until the day I got my time how could he be looking out for my best interest if he never looked at my file I am not guilty of this I'm in here for. (ECF Doc. No. 1, Page ID #7)

**GROUND THREE:** Illegal Search Seizure

---

[2] Buckner's grounds for habeas relief asserted in his petition are set forth verbatim herein, including certain typographical and/or grammatical errors.

**Supporting Facts:** They had a search warrant to go in my house witch there was nothing there NO ONE has seen a search warrant for my next door neighbor house where everything was found witch I had nothing to do with an that's your 4th constitutional right. (ECF Doc. No. 1, Page ID #9)

(ECF Doc. No. 1.)

Respondent filed the return of writ on September 11, 2019. (ECF Doc. No. 9.)

Buckner filed his answer on September 27, 2019. (ECF Doc. No. 10.)

## V.    LEGAL STANDARDS

### A.  Jurisdiction

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him" 28 U.S.C. § 2241(d). The Court of Common Pleas of Van Wert County sentenced Buckner, and the Court takes judicial notice that Van Wert County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over petitioner's § 2254 petition.

### B.  AEDPA Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Gordon's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases," and "'to further the principles of comity, finality, and federalism[.]'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). The Act "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v.*

*Titlow*, 571 U.S. 12, 19 (2013). It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Id.

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d). That provision prohibits federal habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state-court decision either:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis in original). A state court has adjudicated a claim "on the merits[,]" and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes only "'the holdings, as opposed to the dicta, of [Supreme Court] decisions.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)). The state court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state court does not act contrary to clearly established law when the

8

precedent of the Supreme Court is ambiguous or nonexistent. *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state-court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state court's determination of fact is unreasonable under § 2254(d)(2) only if the court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (quoting § 2254(e)(1)); *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The Supreme Court has cautioned, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt*, 571 U.S. at 18 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

Indeed, the Supreme Court has repeatedly emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state-court adjudications of federal claims. The Supreme Court has admonished that a reviewing court may not "treat[] the unreasonableness question as a test of its confidence in the result it would reach under de novo review[,]" and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also*

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."). Rather, § 2254(d) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,'" and does not function as a "substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03, *quoting Jackson*, 443 U.S. at 333 n.5 (Stevens, J., concurring in judgment). Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. The Supreme Court readily acknowledges that this is a very high standard, observing that: "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

### C. Exhaustion and Procedural Default

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).

A claim is fairly presented when it has been asserted as a federal constitutional issue at every state of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

Procedural default, however, can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

### D.  Actual Innocence

In *Schlup v. Delo*, 513 U.S. 298, 314-315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable showing of factual

11

innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits." This exception is concerned with actual - as opposed to legal - innocence and must be based on reliable evidence not presented at trial. *Schlup,* 513 U.S. at 324; *Calderon v. Thompson,* 523 U.S. 538, 559 (1998). In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup,* 513 U.S. at 324.

### E.  Cognizable Federal Claim

A petition for a writ of habeas corpus filed by a petitioner imprisoned under the judgment of a state court is governed by 28 U.S.C. § 2254(a), which permits the state prisoner to challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Federal habeas corpus relief "does not lie for errors of state law[.]" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and the federal court is bound by the state court's interpretations of state law. *See, e.g.*, *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). "[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Allen*, 845 F.2d at 614 (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### F.  Waiver of Pre-Guilty Plea Constitutional Violations

"Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-

jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted). This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, "after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell,* 692 F.3d 486 (6th Cir. 2012). "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger,* 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)). The validity of the plea must be determined from the "totality of the circumstances." *Abdus-Samad v. Bell,* 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady,* 397 U.S. at 747).

When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding." *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993). Significantly, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). The state court's factual finding that the plea was proper is accorded a presumption of correctness unless the transcript is inadequate to show that the plea was voluntary and intelligent. *Garcia,* 991 F.2d at 326-327; *see* U.S.C. § 2254(e)(1). A petitioner must overcome a heavy burden if a federal habeas court is to overturn a state court finding that he made a knowing and voluntary plea. *Parke v. Raley*, 506 U.S. 20 (1992) and *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir. 1989).

13

### G.  Ineffective Assistance of Trial Counsel

The right to effective assistance of counsel extends through the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 392 (1985). The U.S. Supreme Court established that a petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### VI.    ANALYSIS

#### A.  Ground One: Ineffective Assistance of Counsel

##### *1. Procedural Default*

Buckner failed to raise the ineffective assistance of trial counsel issue at every level of the state court. *See Williams v. Anderson*, 460 F.3d at 806 (a petitioner may procedurally default a claim by failing to pursue a claim through the state's "ordinary appellate review procedures"); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015) (a petitioner must fairly present his claim to the Ohio Court of Appeals and the Ohio Supreme Court). In this case, although Buckner raised his ineffective assistance of trial counsel at the Ohio Supreme Court, he failed to present this assignment of error in his appeal to the Ohio Court of Appeals. (ECF Doc. No. 9-1 at Ex. 51, Page ID#368; ECF Doc. No. 9-1 at Ex. 47, Page ID#313.) His only assignment of error at the Ohio

14

Court of Appeals was that the trial court's imposition of consecutive sentences was contrary to law. (ECF Doc. No. 9-1 at Ex. 47, Page ID#313.) Because he failed to exhaust in state court, he does not have any remaining state court remedies to raise his claim. Accordingly, Buckner's Ground One claim is procedurally defaulted.

Moreover, Buckner has not established cause and actual prejudice to excuse the procedural default of his ineffective assistance of trial counsel claim. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citations omitted) A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

Buckner's habeas petition fails to provide any cause for his procedural default of his ineffective assistance of trial counsel claim. (ECF Doc. No. 1, Page ID#6.) And an ineffective assistance of appellate counsel claim will not help Buckner overcome this claim's procedural default. In his traverse, Buckner claims that he wrote to the Ohio Court of Appeals alleging ineffective assistance of trial counsel, but his appellate counsel failed to include it in his brief. (ECF Doc. No. 10, Page ID#612.) However, even if Buckner's appellate counsel failed to include this claim in his appeal to the Ohio Court of Appeals, the Court does not need to consider the merits because an ineffective assistance of appellate counsel claim was not properly raised in the state courts. In fact, claims of ineffective assistance of appellate counsel cannot provide cause for the procedural default of another claim if the ineffective assistance claim itself is procedurally

defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Under Ohio Appellate Rule 26(B), a criminal defendant must file an ineffective assistance of appellate counsel claim in a 26(B) motion (application for reopening) within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. Ohio App. R. 26(B)(1).

Here, Buckner never filed an application for reopening; thus, his Ground One claim was not fairly presented to the state courts. He cannot do so now because more than 90 days have passed since his direct appeal was journalized, and he has not argued that he has good cause to excuse an untimely filing. Ohio App. R. 26(B)(1). And Buckner's assertion that the controlled substance that he was charged with under O.R.C. § 2925.041 should have been weighed and analyzed in a laboratory does not meet the standard of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (Actual innocence means "factual innocence, not mere legal insufficiency.") Accordingly, I recommend that the Court deny and dismiss this claim because Buckner's Ground One claim is procedurally defaulted.

### 2. Waiver by Guilty Plea

Yet even if Buckner's claim was not procedurally defaulted, it fails because he waived it by knowingly and voluntarily pleading guilty. A defendant who voluntarily, knowingly, and intelligently enters a guilty plea with assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991); *see United States v. Stiger*, 20 Fed.Appx. 307, 309 (6th Cir. 2001) ([p]re-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea); *see also Siebert v. Jackson*, 205 F.Supp.2d 727, 733–34 (E.D. Mich. 2002) (holding that claims of

deprivations of a petitioner's constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea where he stated at the plea hearing that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement).

When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  Significantly, "[s]olemn declaration in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74..  The state's court factual finding that the plea was proper is accorded a presumption of correctness unless the transcript is inadequate to how that the plea was voluntary and intelligent. *Garcia*, 991 F.3d at 326-327; *see* U.S.C. § 2254(e)(1).

In his traverse, Buckner asserted that he did not know that he would lose his rights by pleading guilty due to his lawyer "misrepresenting him." (ECF Doc. No. 10, Page ID#617.) He alleges that his trial counsel advised him to plead to something he did not do without reviewing his file. (ECF Doc. No. 10, Page ID#616.) Yet, the trial transcript indicates that Buckner understood the rights he would waive if he pleaded guilty and he had no issue with his representation.

As stated above, the trial judge informed Buckner of his rights and the consequences of waiving them, including the rights to a jury or court trial and the right to appeal the judgment of the trial court. (ECF Doc. No. 9-2, Page ID#585-587.) In addition, the trial judge also informed him that pleading to the stipulated sentence would mean waiving his right to appeal the sentence unless the sentence deviated from the stipulation. (ECF Doc. No. 9-2, Page ID#587.) Buckner agreed on the record that he had the opportunity to review or discuss the evidence provided by the

17

state with his attorney. (ECF Doc. No. 9-2, Page ID#590.) He even indicated to the judge that he was satisfied with his counsel's representation, and he did not complain of counsel's advice concerning the plea agreement. (ECF Doc. No. 9-2, Page ID#590.) Finally, he affirmed that he was not under the influence of any drugs, medication, or alcohol that would prevent him from proceeding in a knowing, intelligent, and voluntary manner. (ECF Doc. No. 9-2, Page ID#597-598.) In fact, Buckner indicated that he was pleading guilty because he was guilty as charged. (ECF Doc. No. 9-2, Page ID#598.) In the view of this record, Buckner's claims that his trial counsel misrepresented him and that he did not understand the consequences of his guilty plea, the penalty he faced, or the rights that he was waiving by entry of his guilty plea lack merit. Accordingly, in addition to my recommendation that Ground One be dismissed as procedurally defaulted, I also recommend that the Court find that Ground One lacks merit.

### B. Ground Two: Broken Plea Agreement

#### 1. Procedural Default

Ground Two is procedurally defaulted because it was not fairly presented to the Ohio courts as a federal constitutional claim. Buckner raised a challenge to the imposition of consecutive sentences in his *pro se* appeal to the Ohio Supreme Court. (ECF Doc. No. 9-1 at Ex. 51, Page ID #368.) But he never asserted that the purported error violated any federal constitutional right. Instead, he argued only that the trial court was required to make consecutive sentence findings prior to imposing consecutive sentences under Ohio state law. (ECF Doc. No. 9-1 at Ex. 51, Page ID #368-369.) In making this claim, Buckner failed to: (1) rely upon federal cases employing constitutional analysis; (2) phrase his claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; and (3) allege facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) ("To

fairly present a claim to a state court, a petitioner … must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.") (citation omitted and quotation marks omitted) Thus, Buckner did not "fairly present" the federal constitutional issue in Ground Two to the Ohio Supreme Court.

To the extent the Court liberally construes Ground Two as alleging a federal constitutional issue, the claim is procedurally defaulted because Buckner failed to raise this claim at all levels of state court. A criminal constitutional question cannot be raised in the Ohio Supreme Court unless it was presented and argued in the court below. *State v. Phillips*, 27 Ohio St. 2d 294, 272 N.E.2d 347 (1971) (citing *State ex rel. Babcock v. Perkins*, 165 Ohio St. 185, 134 N.E.2D 839 (1956)). If an appellant fails to raise an issue in the lower appellate court, the issue is waived and the Ohio Supreme Court will not review the claim. *State v. Sanders*, 92 Ohio St.3d 245, 2001-Ohio-189, 750 N.E.2d 90. Ohio's requirement that claims be raised for the first time in the appellate court is an independent and adequate state ground for denying review of the claims in federal habeas corpus. *Lundgren*, 440 F.3d at 765 (6th Cir. 2006).

In Buckner's appeal to the Ohio Court of Appeals, his only assignment of error was that the trial court's decision to impose consecutive sentences was not supported by the record and was contrary to law. (ECF Doc. No. 9-1, PageID #313.) His appeal failed to: (1) rely upon federal cases employing constitutional analysis; (2) rely upon state cases employing federal constitutional analysis; (3) phrase his claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; and (4) allege facts well within the mainstream of constitutional law. (*See* ECF Doc. No. 9-1, PageID #316-317.) In sum, he raised this claim as a *state law* issue, rather than a federal constitutional issue. His failure to raise a federal constitutional issue to the Ohio Court of Appeals means that he procedurally defaulted this claim because he

failed to raise it at every level of the state courts.  *See Baston v. Bagley*, 282 F.Supp.2d 655 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").

Finally, Buckner cannot overcome his procedural default because he has not attempted to establish any cause for his failure to raise his Ground Two claim as a federal claim on direct appeal. Despite having the opportunity to demonstrate cause through his *pro se* petition and traverse, he provided no explanation for his failure to raise a federal claim at every level. (ECF Doc. No. 1; ECF Doc. No. 10.) Because Buckner failed to establish cause, the Court does not need to consider whether there was actual prejudice. *Matthews v. Ishee*, 486 F.3d 883, 891(6th Cir. 2007) (finding that the court does not need to engage in actual prejudice analysis where the habeas petitioner fails to establish cause). And Buckner's assertion that he is "not guilty of [what he is] in for" does not establish actual innocence because he presented no new, reliable evidence to support his allegations. (ECF Doc. No. 1, Page ID#7.) Accordingly, I recommend that Ground Two be denied and/or dismissed because it is procedurally defaulted.

### 2. Waiver by Guilty Plea

Respondent argues that Buckner's challenge to the validity of his sentence would fail because Buckner waived this claim by pleading guilty. (ECF Doc. No. 9, Page ID#69.) Buckner challenged the validity of his guilty plea in his habeas petition by asserting that his stipulated sentence of 12 years and a stipulated mandatory time of six years was in violation of his plea agreement. (ECF Doc. No. 1, Page ID#7.) "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3D 379, 384 (6th Cir. 2012) (internal quotations omitted). This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process. When a criminal defendant has solemnly admitted in open

> court that he is in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Therefore, "after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486 (6th Cir. 2012). Significantly, "guilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The validity of the plea must be determined from the "totality of the circumstances*." Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady*, 397 U.S. 747).

When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding," *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).The state court's factual finding that the plea was proper is accorded a presumption of correctness unless the transcript is inadequate to show that the plea was voluntary and intelligent. *Garcia*, 991 F.2d at 326-327; *see* U.S.C. § 2254 (e)(1). The petitioner must overcome a heavy burden if a federal habeas court is to overturn a state court finding that he made a knowing and voluntary plea. *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992);*Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989),

Here, the government filed a transcript of the plea hearing, which refutes the argument Buckner makes about the validity of his guilty plea. On direct appeal, Buckner asserts that his sentence was in violation of his stipulated plea agreement. (ECF Doc. No. 1) However, the record

indicates the opposite—that there was a stipulated plea agreement for a stipulated sentence of twelve years and a stipulated mandatory time of six years. The hearing transcript contains the following dialogue:

> THE COURT: So * * * this has to be ironed out. It either needs to be twelve or thirteen, or it needs to be twelve.
>
> [DEFENSE COUNSEL]: * * * [A]s an officer of the Court, I will state [that] [the former prosecutor of the case] and I * * * reached and agreement that this was going to be a twelve year stipulated agreement specifically because Mr. Buckner then understood that he would not have the right to an appeal because it is a stipulated agreement if your honor follows the stipulated agreement. That's why I believed it to be a twelve year [stipulated sentence] and I'm sure that Mr. Buckner, that's what he recalls me telling him as well, so. (*sic*)
>
> * * *
>
> [THE STATE]: I will say that the agreement is a stipulated twelve years.
>
> THE COURT: So the agreement is a stipulated sentence of twelve years and a stipulated mandatory time of six (6) years?
>
> [DEFENSE COUNSEL]: Yes[.]

ECF Doc. No. 9-2, Page ID#166-167.

Moreover, before the trial court accepted Buckner's guilty plea, the trial court informed Buckner of the possible penalties and the stipulated sentence. The hearing transcript reveals that Buckner understood what penalties he faced under the stipulated sentence:

> THE COURT: Your sentences and fines could run concurrently with each other, which is what is stipulated to, or consecutively to one another. In the stipulation, you (*sic*) stipulating to six (6) years on [Count 1 of] the Bill of Information to be served consecutively, that will be twelve (12) years with mandatory three (3) on Count 3, mandatory three (3) on Count 1 of the Bill of Information, for a mandatory six (6) running consecutively, with a sentence of two (2) years on the Felony of the third degree with that to run concurrently with the Count 3 of the Indictment. Do you understand that?
>
> MR. BUCKNER: Yes sir[.]

(ECF Doc. No. 9-2, Page ID#594.) The trial judge also informed Buckner of his federal constitutional rights and the consequences of waiving those rights. (ECF Doc. No. 9-2, Page ID#585-587.) And when asked if he understood, Buckner affirmed he did. (ECF Doc. No. 9-2, Page ID#585-587.) To the extent that Buckner asserts that his sentence was against the stipulated agreement, the record reflects that he made no objections, understood the penalties under the stipulated agreement, and entered into a voluntary plea despite his claims that his plea agreement was a stipulated sentence of six years with three years mandatory.

Furthermore, the Ohio Court of Appeals reasonably determined on Buckner's direct appeal that Buckner's claim regarding the trial court's imposition of consecutive sentences lacked merit and dismissed his appeal. *See State v. Buckner*, Third District Van Wert No. CR-17-04-0450, 2018-Ohio-4923, ¶¶ 9-21. Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue. *Ylst*, 501 U.S. at 805 (emphasis original). A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). The Ohio Court of Appeals' decision rejecting this argument is entitled to AEDPA deference.  That is so because it was not contrary to, or an unreasonably application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In addition to my recommendation that Ground Two be dismissed as procedurally defaulted, I also recommend that the Court find that Ground Two lacks merit.

## C.  Ground Three: Illegal Search and Seizure

### 1. Procedural Default

Buckner's Ground Three claim of illegal search and seizure is procedurally defaulted because he failed to raise this issue in his direct appeal to the Ohio Supreme Court. Court. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (a petitioner may procedurally default a claim by failing to pursue a claim through the state's "ordinary appellate review procedures"); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015) (a petitioner must fairly present his claim to the Ohio Court of Appeals and the Ohio Supreme Court). Here, as Respondent points out, Buckner agreed on the record to withdraw his *pro se* motions to suppress. (ECF Doc. No. 9, Page ID#78; ECF Doc. No. 9-1, Page ID#177.) He then later entered into a nonconditional guilty plea and failed to explicitly preserve any Fourth Amendment claims. He did not fairly present his illegal search and seizure claim at either the Ohio Court of Appeals or the Ohio Supreme Court. (ECF Doc. No. 9-1 at Ex. 50; ECF Doc. No. 9-1 at Ex. 51.) Thus, Buckner's Fourth Amendment claim is procedurally defaulted.

Buckner may not overcome his procedural default by asserting denial of effective assistance of appellate counsel. A procedural default can be excused if the habeas petitioner establishes that some cause beyond his control prevented him from complying with state procedural requirements and that he would suffer prejudice if a *meritorious* claim were not reviewed on the merits. *Coleman*, 501 U.S. at 750, 753-754. In Buckner's habeas petition, he asserts that his failure to raise this claim in direct appeal was because his counsel "did not put [the claim] it in the appeal." (ECF Doc. No. 1.) The Court construes this to mean that Buckner believes his procedural default should be excused because he was denied the effective assistance of appellate counsel. However, the Court does not need to consider the merits of this assertion regarding his appellate counsel's ineffectiveness if this issue was not properly raised in the state courts. In fact, claims of ineffective assistance of appellate counsel cannot provide cause for the

24

procedural default of another claim if the ineffective assistance claim itself is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Under Ohio Appellate Rule 26(B), a criminal defendant must file an ineffective assistance of appellate counsel claim in a 26(B) motion (application for reopening) within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. Ohio App. R. 26(B)(1). Here, Buckner never filed an application for reopening; thus, any claim of ineffective assistance of appellate counsel was not fairly presented to the state courts. He cannot do so now because more than 90 days have passed since his direct appeal was journalized, and he has not argued that he has good cause to excuse an untimely filing. Ohio App. R. 26(B)(1). Thus, the portion of Buckner's Ground Three claim alleging ineffective assistance of appellate counsel is procedurally defaulted.

Additionally, Buckner has failed to demonstrate cause and prejudice to overcome this procedural default. As discussed above, Buckner waived his claim of the denial of the effective assistance of appellate counsel by failing to file a timely appeal in Rule 26(B) proceedings. Thus, this claim cannot serve as "cause" for his procedural default. *Edwards*, 529 U.S. at 452 ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotations and citations omitted). In his petition, he has offered no other alternative cause for procedural default. (ECF Doc. No. 1.) Because Buckner failed to establish cause, it is unnecessary to consider whether he has shown prejudice. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007) ("The cause-and-prejudice analysis is a conjunctive one, requiring a petitioner to satisfy both prongs to excuse a procedural default.") Furthermore, Buckner cannot overcome his procedural default through the miscarriage-of-justice exception because he has not presented new, reliable evidence of his actual

innocence in connection with this claim. Thus, Buckner has not met his burden to show that his procedural default of his Ground Three Claim should be excused.

### 2. Cognizability

Even if the Court were to find Buckner's Ground Three claim was not procedurally defaulted, I recommend that Buckner's Fourth Amendment claim be denied because it is non-cognizable. Generally, a writ of habeas corpus cannot be granted on the ground that a petitioner's Fourth Amendment rights were violated if the petitioner had an opportunity to present the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Wallace v. Kato*, 549 U.S. 384, 395 n. 5 (2007); *accord Ewing v. Ludwick*, 134 Fed. Appx. 907, 911 (6th Cir. 2005). Indeed, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced in his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Full and fair litigation requires the court to consider: (1) "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim" and (2) "whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted). If there was an opportunity to raise the claim and the presentation was not frustrated, the petitioner's claim is non-cognizable. *See id.*

The Sixth Circuit Court of Appeals has clarified the inquiry and has held that the *Powell* "opportunity for full and fair consideration" provides an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). Thus, "[i]n the absence of a sham proceeding, there is no need to ask whether the state court conducted

26

an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.* Rather, "[w]e must presume that, once a federal claim comes before a state court, the state judge will use a fair procedure to achieve a just resolution of the claim." *Id.* In sum, the Sixth Circuit explained that, in considering whether a habeas petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, the court asks: "Did the state courts permit the defendant to raise the claim or not?" *Id.* at 640. *See also Harrington v. Warden, London Correctional Inst.*, 2013 WL 5944193 at *4 (S.D. Ohio Nov. 5, 2013).

In *Good v. Berguis*, 729 F.3d 636, 638-639 (2013), the Sixth Circuit Court of Appeals affirmed that Fourth Amendment claims are barred by *Stone*. In its discussion of the treatment of the issue by other federal circuits, it noted two exceptions to the *Stone* prohibition: "(A) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism…" *Id.* (citing *Capellan v. Riley*, 975 F.2d 67. 70 (2d Cir. 1992)). The Sixth Circuit has held that, in most circumstances, the mechanism provided by the State of Ohio for the resolution of Fourth Amendment claims is adequate. *Riley v. Gray*, 674 F.2d 522, 526 (1982).

Here, Buckner has availed himself of Ohio's procedural mechanisms for resolving Fourth Amendment claims. In fact, Buckner and his trial attorneys filed motions to suppress (ECF Doc. No. 9-1, Page ID#114-122), and the trial court held a suppression hearing on these motions. (ECF Doc. No. 9-2 at Tr. Vol. 2.) As stated above, Buckner agreed on the record to withdraw his *pro se* suppression motions. (ECF Doc. No. 9-2 at Ex.22, Page ID#177-178.) Buckner later entered into unconditional guilty pleas and did not explicitly preserve any Fourth Amendment claims for appeal. Thus, I recommend that the Court deny and dismiss Ground Three as non-cognizable.

## VII.    RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A.  Legal Standard

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)).  The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order,

a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

If the Court accepts my recommendations, Buckner has not made a substantial showing of a denial of a constitutional right. Buckner's Ground One, Ground Two, and Ground Three claims are procedurally defaulted, non-cognizable, and/or lacks merit. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## VIII.   RECOMMENDATION

Because Buckner has presented only procedurally defaulted, meritless, or non-cognizable claims, I recommend that the Court DISMISS and/or DENY Buckner's petition for writ of habeas corpus under 28 U.S.C. § 2254 and not grant him a certificate of appealability.

Dated: 9/9/2022                              s/*Jennifer Dowdell Armstrong*
                                             Jennifer Dowdell Armstrong
                                             U.S. Magistrate Judge

## IX.    NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings

> or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).